UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:23-CV-0082-CRS

RODNEY HENRY CARTER                                                                                PLAINTIFF

v.

ROBERT KEITH BOND                                                                           DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on initial review of plaintiff Rodney Henry Carter's *pro se, in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

**BACKGROUND**

Plaintiff filed his Complaint on a court-approved form (DN 01). Plaintiff named as Defendant Robert Keith Bond. *Id.* at PageID# 01. Plaintiff asserts federal question jurisdiction based on an alleged violation of the First Amendment to the United States Constitution. *Id.* at PageID# 04. Under "Statement of Claim," Plaintiff states: "Robert Keith Bond violated my 1st Amendment Right Freedom of Speech." *Id.* at PageID# 05. There are no additional allegations or statements of events. For relief, Plaintiff seeks "the maximum [sic] amount allowed by the Court." *Id.* at PageID# 06.

**ANALYSIS**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, the Complaint lacks any statements as to the factual matters which underlie Plaintiff's assertion that Defendant violated his First Amendment Rights – despite being told to include a statement of the "facts." *See* DN at PageID# 05 (directing Plaintiff to state "the facts"

showing that he is entitled to relief and what Defendant did, including dates and places of the conduct."). Instead of stating any facts, Plaintiff has merely stated that his right to free speech was violated by Defendant. This wholly unsupported statement does not suffice. As noted above, to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. 544 at 570). Because the Complaint does not contain any factual matter at all, it will be dismissed for failure to state a claim for which relief can be granted.

The Court will enter a separate order consistent with this Memorandum Opinion.

December 1, 2023

Charles R. Simpson III, Senior Judge
United States District Court

cc:  Plaintiff, *pro se*